United States District Court
Southern District of Texas
**ENTERED**
February 06, 2023
Nathan Ochsner, Clerk

ALISON B. WILSON, (Attorney-In-Charge), *pro hac vice pending*
SEAN HENNESSY, *pro hac vice pending*
Attorneys for Plaintiff
COMMODITY FUTURES
TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000
awilson@cftc.gov
shennessy@cftc.gov

U.S. DISTRICT COURT - N.D. OF N.Y.
F I L E D
FEB 15 2023
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

5:23-mc-9
(BKS/ATB)

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

|   |   |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | Civil Case No. 4:23-cv-00336 |
| Plaintiff, | |
| v. | **ORDER** |
| | **GRANTING PLAINTIFF'S MOTION FOR AN EX PARTE STATUTORY RESTRAINING ORDER, APPOINTMENT OF A TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF** |
| MARCUS TODD BRISCO, YAS CASTELLUM LLC, YAS CASTELLUM FINANCIAL LLC, TIN QUOC TRAN, FRANCISCO STORY, FREDIRICK SAFRANKO, a/k/a TED SAFRANKO, SAEG CAPITAL GENERAL MANAGEMENT LP, and MICHAEL SHANNON SIMS, | |
| Defendants. | |

Plaintiff, the Commodity Futures Trading Commission ("Commission"), has filed a Complaint for Permanent Injunction and Other Relief and moved, pursuant to Section 6c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1(a), and in accordance with Rule 65 of the Federal Rules of Civil Procedure ("Rule 65"), for an *ex parte* statutory restraining order freezing assets, allowing inspection of records, appointing a Temporary Receiver, and granting expedited discovery. The Court has considered the pleadings, declarations, exhibits, and memorandum filed in support of the Commission's motion, and finds that:

1.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1345 (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). 7 U.S.C. § 13a-1(a) authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice that violates any provision of the Act or any rule, regulation, or order promulgated thereunder.

2.     Venue lies properly within this District pursuant to 7 U.S.C. § 13a-1(e).

3.     The Commission has made a proper *prima facie* showing that the Defendants violated the law as follows. Since at least April 2020 through the present, Marcus Brisco ("Brisco"), Yas Castellum LLC ("Yas 1"), Yas Castellum Financial LLC ("Yas 2"), Tin Tran ("Tran"), and Michael Sims ("Sims") have operated three interconnected fraudulent schemes by soliciting and/or accepting more than $146 million from customers purportedly to trade leveraged or margined retail foreign currency exchange ("forex") and/or leveraged or margined gold-U.S. dollar pair ("XAUUSD") transactions ("retail commodity transactions"). Yas 1, Yas 2, and Brisco knowingly made fraudulent and material misrepresentations and omissions about their historical trading profits, and regarding where they would maintain pool participant funds, how they would trade with those funds, and who would do the trading. In fact, Yas 1, Yas 2, Brisco, and Tran did not send any funds to a firm that

trades forex or XAUUSD. Instead, nearly all of the funds were directed to commodity pools controlled and operated by Tran (collectively, the "Tran Pools" and individually, "Tran-Pool 1", "Tran-Pool 2", and "Tran-Pool 3"), and Tran, Yas 2, and Brisco misappropriated a portion of the funds for other purposes. To conceal Yas 1's scheme, Brisco provided pool participants with false account statements, and Sims directed Brisco to falsify wire transactions to disguise deposits as payments for "services". Further, to conceal Tran's scheme from regulators, Francisco Story and Ted Safranko, in their roles as directors and officers of SAEG Capital General Management LP ("SAEG GM"), knowingly submitted falsified bank statements to the National Futures Association ("NFA") for Tran-Pool 1 accounts during an examination of SAEG GM. Yas 1, Yas 2, Brisco, and Tran failed to operate the commodity pools in accordance with Commission Regulations ("Regulations") that require a commodity pool to: operate as a legal entity separate from the Commodity Pool Operator ("CPO"), receive funds in the name of the pool, and prohibit the commingling of commodity pool property with the property of any other person. In addition, Yas 2 and Tran failed to register with the Commission as a CPO, and Brisco failed to register as an Associated Person ("AP") of Yas 2.

4.      Therefore, there is good cause to believe that Defendants have engaged in, are engaging in, or are about to engage in acts and practices in violation of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6b(a)(2)(A)–(C), 6k(2), 6m(1), 6o(1)(A)–(B), and 13(a)(4), and Regulations 17 C.F.R. §§ 4.20(a)(1), (b)–(c), 5.2(b)(1)–(3), and 5.3(a)(2) (2022).

5.      There is also good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary or other redress will occur from the withdrawal, transfer, removal, dissipation or other disposition of funds, assets or other property ("assets"), and/or the destruction, alteration or disposition of books and records and other documents ("records") by Defendants, unless Defendants are immediately restrained and enjoined by Order of the Court.

6.    Therefore, there is good cause for the Court to freeze assets owned, controlled, managed or held by Defendants or in which they have any beneficial interest.

7.    There is also good cause for the Court to prohibit Defendants from destroying, altering or disposing of records, and/or denying representatives of the Commission access to inspect records, when and as requested, to ensure that Commission representatives have immediate and complete access to those records.

8.    There is also good cause for the appointment of a Temporary Receiver to take control of all assets owned, controlled, managed, or held by Defendants, or in which they have any beneficial interest ("Defendants' Assets"), so that the Temporary Receiver may preserve assets, investigate and determine customer claims, determine unlawful proceeds retained by Defendants and amounts due to customers as a result of Defendants' alleged violations, and distribute remaining funds under the Court's supervision.

9.    There is also good cause to require an accounting by Defendants to the Temporary Receiver to determine the location and disposition of customer funds and ill-gotten gains.

10.    There is also good cause to order repatriation of assets controlled by Defendants so that such assets can be controlled by the Temporary Receiver and to assure payment of restitution and disgorgement as authorized by the Court.

11.    There is also good cause to remove the prohibition on early discovery to enable the Commission to determine the full extent of Defendants' wrongdoing (including, but not limited to, the possible involvement of others); to locate other pool participants; to identify and assess Defendants' entitlement to funds, assets and other property; and to clarify the sources of funds, assets, and other property in advance of a hearing to show cause as to why a preliminary injunction should not issue.

12.    In summary, this is a proper case for granting a restraining order *ex parte* freezing assets, allowing inspection of records and appointing a temporary receiver, and granting expedited

discovery because the Commission is likely to succeed on the merits. Moreover, there is also a reasonable likelihood that Defendants will transfer or dissipate assets or destroy or alter records.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

13.     The term "assets" encompasses any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

14.     The term "records" encompasses "documents" and "electronically stored information" as those terms are used in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or other data compilations—stored in any medium from which information can be obtained or translated, if necessary, into reasonable usable form. The term "records" also refers to each and every such item in Defendants' actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendants; and (ii) all items which Defendants have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the term. A record also includes the file and folder tabs associated with each original and copy.

15.     "Defendants" means and refers to Marcus Todd Brisco, Yas Castellum LLC, Yas Castellum Financial LLC, Tin Quoc Tran, Francisco Story, Fredirick Safranko a/k/a Ted Safranko, SAEG Capital General Management LP, and Michael Shannon Sims.

## RELIEF GRANTED

**I.** **Asset Freeze Order Prohibiting the Withdrawal, Transfer, Removal, Dissipation, and Disposal of Assets**

16.      Defendants are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly withdrawing, transferring, removing, dissipating or otherwise disposing of any assets, wherever located, including Defendants' assets held outside the United States, except as provided otherwise in Sections IV, V, and VI of this Order, or as otherwise ordered by the Court;

17.      Notwithstanding the provisions of this Section I, at the request of the Temporary Receiver, Defendants and any other person who has possession, custody, or control of any of Defendants' funds, assets, or other property shall transfer possession of all assets subject to this Order to the Temporary Receiver in accordance with Section IV, V, and VI of this Order.

18.      The assets affected by this Order shall include existing assets and assets acquired after the effective date of this Order.

**II.** **Maintenance of and Access to All Records Relating to the Business Activities and Business and Personal Finances**

19.      Defendants are restrained from directly or indirectly destroying, altering, or disposing of, in any manner any records that relate or refer to the business activities or business or personal finances of any Defendants.

20.      Representatives of the Commission shall be immediately allowed to inspect any records that, in part or in whole, contain, relate, or refer to the business activities or business or personal finances of the Defendants, including, but not limited to, both hard-copy documents and electronically stored information, wherever they may be situated and whether they are in the possession of the Defendants or others. To ensure preservation and facilitate meaningful inspection and review of these records, Defendants shall allow representatives of the Commission to make copies of these records, including complete forensic images of any devices containing any such records, and

if on-site copying of these records and/or forensic imaging of these devices is not practicable, representatives may make such copies and/or forensic images off-site. After any such off-site copying and/or forensic imaging, Plaintiff shall promptly return the original documents and devices upon which electronic information is stored.

21.     To further facilitate meaningful inspection and review, Defendants shall, absent a valid assertion of their respective rights against self-incrimination under the Fifth Amendment, promptly provide Commission staff with:

a.      the location of all records relating or referring to the business activities and business and personal finances of the Defendants;

b.      all identification numbers and other identifying information for websites, cloud storage services, email and smartphone accounts, online chat and messaging services, and all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or futures commission merchant) owned, controlled or operated by Defendants, or to which the Defendants have access; and,

c.      all passwords to, and the location, make and model of, all computers and/or mobile electronic devices owned and/or used by Defendants in connection with their business activities and business and personal finances.

22.     When inspecting and reviewing records and/or contents of forensic images that are subject to this Order, including those contained on computers and/or other devices, the Commission should undertake reasonable measures to prevent review of the Defendants' privileged communications and/or other nonbusiness, nonfinancial materials by the Commission's attorneys and other staff who are part of the litigation team in this matter. Moreover, Defendants (or their counsel) shall promptly contact Plaintiff's counsel to assert any claims of privilege or other legal objections relating to the inspection and review of any records or contents of forensic images that are subject to this Order and promptly cooperate with Plaintiff's counsel to develop reasonable protocols to isolate

and prevent disclosure of claimed privileged and/or other nonbusiness, nonfinancial materials to the Commission's attorneys and other staff who are part of the litigation team in this matter. However, nothing herein shall excuse Defendants from full and immediate compliance with this Court's Order permitting Plaintiff to inspect and review the records and contents of forensic images which relate to Defendants' business activities and their business and personal finances.

### III. Notice to Financial Institutions and Others that Hold or Control Assets or Records

23.     To ensure the effectiveness of the asset freeze and pending further Order of this Court, any financial or brokerage institution, business entity, or person that receives actual notice of this Order and holds, controls, or maintains custody of any account or asset or other property of Defendants shall not, in active concert or participation with Defendants, permit Defendants or other persons to withdraw, transfer, remove, dissipate, or otherwise dispose of any of Defendants' assets, except as directed by further order of the Court.

24.     Any financial or brokerage institution, business entity, or person that receives notice of this Order by personal service or otherwise shall not, in active concert or participation with any Defendant, directly or indirectly destroy, alter, or dispose of, in any manner, any records relating to the business activities and business and personal finances of any Defendant.

25.     Furthermore, any such financial or brokerage institution, business entity, or person that receives actual notice of this Order and holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendants, or has held, controlled, or maintained custody of any such account or asset of any Defendants at any time since April 1, 2020, shall not, in active concert or participation with Defendants, deny a request by the Commission to inspect all records pertaining to every account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency

transaction reports, 1099 forms, and safe deposit box logs.  As an alternative to allowing inspection of records, a financial or brokerage institution, business entity or other person may provide copies of records requested by the Commission.

 26. Furthermore, any such financial or brokerage institution, business entity, or person that receives actual notice of this Order shall:

  a. Within ten business days of a request by the Temporary Receiver, or such longer period specified by the Temporary Receiver, provide the Temporary Receiver with copies of all records pertaining to any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

  b. Cooperate with all reasonable requests of the Temporary Receiver relating to implementation of this Order, including transferring Defendants' funds at the Temporary Receiver's direction, and producing records related to business activities or business or personal finances of Defendants' to the Temporary Receiver.

## IV. Order Appointing Temporary Receiver

 27. Kelly Crawford is appointed Temporary Receiver, with the full powers of an equity receiver for Defendants and their affiliates and subsidiaries owned or controlled by Defendants (hereinafter referred to as the "Receivership Defendants"), and of all the funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants (hereinafter, the "Receivership Estate").  The Temporary Receiver shall be the agent of this Court in acting as Temporary Receiver under this Order.

28.     The Temporary Receiver is directed and authorized to accomplish the following:

a.     Assume full control of the Receivership Defendants by removing Defendants Marcus Todd Brisco, Tin Quoc Tran, Francisco Story, Fredirick Safranko a/k/a Ted Safranko, and Michael Shannon Sims, and any officer, independent contractor, employee, or agent of the Receivership Defendants, from control and management of the affairs of the Receivership Defendants as the Temporary Receiver deems appropriate;

b.     Take exclusive custody, control, and possession of the Receivership Estate, which includes but is not limited to complete authority to sue for, collect, receive, and take possession of all goods, chattels, rights, credits, money, effects, land, leases, books, records, work papers, and records of accounts, including electronically-stored information, contracts, financial records, funds on hand in banks and other financial institutions, and other papers and records of the Receivership Defendants and customers or clients of any of Receivership Defendants' business activities whose interests are now held by, or under the direction, possession, custody, or control of, the Receivership Defendants;

c.     Take all steps necessary to secure the business and other premises under the control of the Receivership Defendants, including but not limited to premises located at 23638 Providence Ridge Trail, Katy, TX, 15229 S Tall Woods Dr., Draper, UT, 13069 S. Cannon View Dr., Herriman, UT, 1791 Piihana Rd., Wailuku, HI, 109-39 Wayside Avenue, Scarborough, Ontario, Canada M1V 2Z4, 17201 Collins Ave Apt. 1404 (or Apt. 701), Sunny Isles Beach, FL, and 3300 Roswell Rd. NW Unit 4825, Atlanta, GA;

d.     Perform all acts necessary, including the suspension of operations, to conserve, hold, manage, and preserve the value of the Receivership Estate in order to prevent an irreparable loss, damage, or injury to any customers or clients of any of Receivership Defendants' business activities;

e.  Prevent the withdrawal or misapplication of assets entrusted to the Receivership Defendants, and otherwise protect the interests of any customers or clients of any of Receivership Defendants' business activities;

f.  Manage and administer the Receivership Defendants and the Receivership Estate by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including hiring or dismissing any and all personnel, suspending operations, and/or entering into agreements, including but not limited to: (1) the retention and employment of investigators, attorneys or accountants, appraisers, and other independent contractors and technical specialists of the Temporary Receiver's choice, including without limitation members and employees of the Temporary Receiver's firm, to assist, advise, and represent the Temporary Receiver; and (2) the movement and storage of any equipment, furniture, records, files or other physical property of the Receivership Defendants;

g.  Collect all funds owed to the Receivership Defendants;

h.  Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to, any actions or proceedings in state, federal, or foreign court that the Temporary Receiver deems necessary and advisable to preserve or increase the value of the Receivership Estate or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

i.  Issue subpoenas to obtain records pertaining to the Receivership and conduct discovery in this action on behalf of the Receivership Estate;

j.  Open one or more bank accounts and deposit all funds of the Receivership Estate in such designated accounts and make all payments and disbursements from the Receivership Estate from such accounts;

k.  Make payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, provided that the Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except for payments that the Temporary Receiver deems necessary or advisable to secure the Receivership Estate from immediate and irreparable loss; and

l.  Maintain written accounts itemizing receipts and expenditures, describing properties held or managed, and naming the depositories holding funds or other assets of the Receivership Estate; make such written accounts and supporting documentation available to the Commission for inspection; and, within sixty days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the Receivership Estate, and otherwise perform the duties mandated by this Order.

## V.  **Accounting and Transfer of Funds and Records To The Temporary Receiver**

29.  Absent a valid assertion by Defendants of their respective rights against self-incrimination under the Fifth Amendment, each Defendant shall, within five business days following the service of this Order:

a.  Provide the Temporary Receiver with a full detailed accounting of all assets, including the assets inside and outside of the United States that are held by each and every Defendant, for their benefit, or under their direct or indirect control, whether jointly or singly, and the location of all records of the Receivership Estate.

b.  Transfer to the territory of the United States and deliver to possession, custody, and control of the Temporary Receiver, all records and assets (other than real property)

located outside of the United States that are held by each and every Defendants, for their benefit, or under their direct or indirect control, whether jointly or singly.

    c.    Provide the Temporary Receiver access to all records of accounts or assets of the Defendants held by financial or brokerage institutions located within or outside the territorial United States by signing any necessary consent forms.

30.    Absent a valid assertion by Defendants of their respective rights against self-incrimination under the Fifth Amendment, Defendants shall, within twenty-four hours of the issuance of this Order, cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of all passwords and identification (ID) numbers for all websites, cloud storage services, email and smartphone accounts, online chat and messaging services, and all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or futures commission merchant) controlled or operated by or to which any of the Defendants have access in connection with their business activities and business and personal finances.

31.    Absent a valid assertion by Defendants of their respective rights against self-incrimination under the Fifth Amendment, Defendants shall, within twenty-four hours of the issuance of this Order, cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of all passwords to, and the location, make and model of, all computers and mobile electronic devices owned and/or used by Defendants in connection with their business activities and business and personal finances. The schedules required by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer and/or mobile device, and all passwords necessary to access and use the software contained on the computer and/or mobile device.

## VI.    Turning Over Assets and Records to the Temporary Receiver

32.    Upon service of this Order, and absent a valid assertion by Defendants of their respective rights against self-incrimination under the Fifth Amendment, Defendants and any other

person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Temporary Receiver in writing, deliver over to the Temporary Receiver:

     a.    Possession and custody of all assets of the Receivership Defendants, wherever situated, including those owned beneficially or otherwise;

     b.    Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Defendants;

     c.    Possession and custody of all assets belonging to members of the public now held by the Receivership Defendants;

     d.    All keys, passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants related to their business activities and business and personal finances, including, but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, mobile electronic devices, or other property; and

     e.    Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

## VII.   Directive To Cooperate with Temporary Receiver

    33.    Absent a valid assertion of their respective rights against self-incrimination under the Fifth Amendment, Defendants, and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Temporary Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the

Temporary Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Temporary Receiver under this Order, and advising all persons who owe debts to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver.

## VIII. Stay on Actions Against the Receivership Defendants

**IT IS FURTHER ORDERED THAT:**

34.    Except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants and all other persons and entities shall be and hereby are stayed from taking any action (other than the present action by the Commission) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, the Temporary Receiver, the Receivership Estate, or the Temporary Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

    a.    Petitioning, or assisting in the filing of a petition, that would cause the Receivership Defendants to be placed in bankruptcy;

    b.    Commencing, prosecuting, litigating, or enforcing any suit or proceeding against any of the Receivership Defendants, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

    c.    Commencing, prosecuting, continuing, or entering any suit or proceeding in the name or on behalf of any of the Receivership Defendants, or any of their subsidiaries or affiliates;

    d.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendants, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Defendants' interests in property, including without

limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

e. Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership Defendants, or any of their subsidiaries or affiliates, or the Temporary Receiver, or any agent of the Temporary Receiver; and

f. Doing any act or thing whatsoever to interfere with the Temporary Receiver taking control, possession, or management of the property subject to the receivership, or to in any way interfere with the Temporary Receiver or to harass or interfere with the duties of the Temporary Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants, or their subsidiaries or affiliates.

Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendants.

## IX. Compensation for Temporary Receiver and Personnel Hired by the Temporary Receiver

35. The Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were: (1) reasonably likely to benefit the receivership estate; or (2) necessary to the administration of the estate. However, the Temporary Receiver and any personnel hired by the Temporary Receiver shall not be

compensated or reimbursed by, or otherwise be entitled to, any funds from the Court or the Commission. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty days after the date of this Order and subsequent requests filed quarterly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the Temporary Receiver and all personnel hired by the Temporary Receiver.

## X.  Persons Bound By this Order

36.     This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of the Defendants, or is in active concert or participation with the Defendants.

## XI.  Bond Not Required of Plaintiff or the Temporary Receiver

37.     As Plaintiff Commission has made a proper showing under Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), it is not required to post any bond in connection with this Order. The Temporary Receiver similarly is not required to post bond.

## XII.  Service of Order and Assistance of United States Marshals Service and/or Other Law Enforcement Personnel

38.     Copies of this Order may be served by any means, including via email or facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any records or assets of any Defendant, or that may be subject to any provision of this Order.

39.     Alison B. Wilson, Sean P. Hennessy, Maura M. Viehmeyer, and Erica Bodin and representatives of the United States Marshals Service are specially appointed by the Court to effect service.

40.     The United States Marshals Service is authorized to:  a) accompany and assist the Commission representatives in the service and execution of the Summons, Complaint and this Order

on the Defendants, b) help maintain lawful order while Commission representatives inspect records as provided in this Order, and c) accompany and assist the Temporary Receiver and his representatives in the execution of this Order on the Receivership Defendants.

**XIII.** **Service on the Commission**

41.     Defendants shall comply with all electronic filing rules and requirements of the U.S. District Court for the Southern District of Texas and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to **Alison B. Wilson, Chief Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581,** by electronic filing, e-mail, personal delivery or courier service (such as Federal Express or United Parcel Service) and not by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

**XIV.** **Further Proceedings**

42.     Good cause having been shown and the burden for issuing a preliminary injunction having been met by the Commission, this Court hereby orders Defendants to show cause why a Preliminary Injunction should not issue.  The Order to Show Cause is set for hearing **on February 22, 2023, at 10:00 a.m.,** before the Honorable Lee H. Rosenthal, Courtroom 11-B, at the United States Courthouse for the Southern District of Texas at 515 Rusk St., Houston, TX 77002.  Should any party wish to file a memorandum of law or other papers concerning the issuance of a preliminary injunction against the Defendants, such materials shall be filed, served, and received by all parties at least two full days before the hearing ordered above.

43.     Plaintiff's request for expedited discovery is also granted.  In advance of the hearing to show cause as to why a preliminary injunction should not issue, the parties may conduct expedited discovery, and the prohibition upon discovery before the early meeting of counsel pursuant to Rule 26(f), in accordance with Rule 26(d), is removed.  Depositions of parties and non-parties may be

taken subject to two calendar days' notice pursuant to Rule 30(a) and 45, that notice may be given personally, by facsimile, or by electronic mail, and, if necessary, any deposition may be taken remotely and last more than seven hours.

## XV.     Force and Effect

44.     This Order shall remain in full force and effect until further order of this Court. This Court retains jurisdiction of this matter for all purposes.


IT SO ORDERED, at Houston, Texas on this 6th day of February, 2023, at 10:00 a.m.

_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | § § § § | |
| **Plaintiff,** | § § | **MISC. ACTION NO.** |
| **v.** | § § | *5:23-mc-00009* |
| MARCUS TODD BRISCO, YAS CASTELLUM LLC, YAS CASTELLUM FINANCIAL LLC, TIN QUOC TRAN, FRANCISCO STORY, FREDIRICK SAFRANKO, a/k/a TED SAFRANKO, SAEG CAPITAL GENERAL MANAGEMENT LP, and MICHAEL SHANNON SIMS, | § § § § § § § § § | *BKS/ATB* |
| | § | U.S. DISTRICT COURT - N.D. OF N.Y. |
| **Defendants,** | § § | **F I L E D** |
| | § | FEB 1 5 2023 |
| | | AT_____ O'CLOCK_____ |
| | | John M. Domurad, Clerk - Albany |

## NOTICE OF APPOINTMENT OF RECEIVER

Pursuant to the provisions of 28 U.S.C. § 754, Kelly Crawford provides notice of his appointment as Temporary Receiver for Marcus Todd Brisco, Yas Castellum LLC, Yas Castellum Financial LLC, Tin Quoc Tran, Francisco Story, Fredirick Safranko, a/k/a Ted Safranko, Saeg Capital General Management LP, and Michael Shannon Sims (collectively, "Defendants"), and the affiliates or subsidiaries owned or controlled by Defendants. True and correct copies of the *Complaint for Injunctive Relief, Civil Monetary Penalties, Restitution, and Other Equitable Relief* (the "Complaint") filed by the Plaintiff, Commodity Futures Trading Commission, and the *Order Granting Plaintiff's Motion for An Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief* (the "Order Appointing Receiver") are attached hereto as **Exhibit A** and **Exhibit B** respectively.

February 13, 2023

Notice of Appointment of Receiver                                                                      Page 1

Respectfully submitted,


*/s/ Kelly M. Crawford*
Kelly M. Crawford
Texas State Bar No. 05030700
Kelly.Crawford@solidcounsel.com

Scheef & Stone, L.L.P
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
(214) 706-4200 – Telephone
(214) 706-4242 – Telecopier